## THOMPSON & ADKINSON V. RICE & DAVIS.

1. PRACTICE IN SUPREME COURT—ERROR.—The plaintiff in error is held to reasonable diligence in causing the writ of error to be issued and served. If, for want of diligence, a term is missed, the writ of error brought to the succeeding term will be dismissed.

2. NEGLIGENCE IN SERVICE OF CITATION IN ERROR.—Judgment was rendered February 5, 1875; petition and error bond filed January 24, 1877; citation in error was issued and served March 29, 1877, less than twenty days before the first day of the assignment embracing the county where the judgment was rendered; the transcript was filed at the term thereafter: *Held,* That as by the negligence of the plaintiff in error a term was lost, a motion to dismiss should prevail.

ERROR from Washington. Tried below before the Hon. I. B. McFarland.

The facts are given in the opinion.

*Sayles & Bassett,* for motion.

I. The writ of error is barred by failure to issue the citation. (Paschal's Dig., 4616.)

The statute (Paschal's Dig., 1495) requires the clerk, upon the filing of the petition for writ of error, to issue a citation.

This court has held that the citation must be issued immediately. (Wheeler *v.* The State, 8 Tex., 228.) It has also been held by this court that limitation is not interrupted by the filing of the petition, when process by the direction of the parties was not issued before the bar was complete. (Maddox *v.* Humphries, 30 Tex., 494; Hoffman *v.* Cage, 31 Tex., 595.)

In Board *v.* T. & P. R. W. Co., 46 Tex., 316, it is said that *lis pendens* at common law dates from the issuance and service of process. But it may be that public policy, from which this rule springs, should give it effect with us from the filing of the suit, if due and reasonable diligence in procuring service and prosecuting the suit is shown. In the case at bar, there was a delay of sixty-four days, within which time two citations could have been issued and returned. Was not that unreasonable delay?

The decision in Lee *v.* Wilkins is not in conflict with the above-cited authorities. In that case there was a delay of nineteen days only, within which time a return of the writ could not have been compelled, and the citation was issued and served nearly seven months before the writ was barred.

In the case at bar, judgment was rendered February 4, 1875; citation issued and served March 29, 1877. In Lee *v.* Wilkins, judgment was rendered October 9, 1874; citation issued and served April 10 and 11, 1876.

II. The citation issued on the 29th of March, 1877, was made returnable to the first Monday of April, 1877, a term at which the transcript could not have been filed, a term at which plaintiff was not bound to appear, and a term to which the defendant could not be compelled to appear. The statute (Paschal's Dig., 1495) requires the clerk to issue a citation requiring the party to appear at the next term of the Supreme Court after the citation is issued. Does that mean a term at which the plaintiff is not required to file his transcript, and at which a defendant is not required to appear;

or does it mean the next term at which the parties must appear?

In Hendley *v.* Baccus, 32 Tex., 328, a writ of error was dismissed, because the citation did not specify the term to which it was returnable. Is it not a grosser error to make the writ returnable at a specified term, at which the plaintiff did not appear to prosecute his writ, and at which the defendant, if he had appeared, could not have defended the writ?

. It has been held, that a citation from the District Court which does not state the time and place of holding court is fatally defective, (Wright *v.* Wilmot, 22 Tex., 398; Neill *v.* Brown, 11 Tex., 17,) and so is one that states an impossible time. (Covingtons *v.* Burleson, 28 Tex., 368.)

*P. H. & J. H. Swearengen, contra.*—The petition and error bond were filed within the two years from the date of the judgment, and this is all the statute requires the plaintiff in error to do. Paschal's Digest, article 1495, reads as follows: "Upon the filing of any such petition, the clerk shall issue a citation, directed to the sheriff of the county where the opposite party is alleged to reside, together with a copy of the petition, commanding him to cite such party to be and appear before the Supreme Court at its next term after citation is issued and defend said writ."

It is not stated that the plaintiff in error shall see that the writ is issued immediately, as intimated in appellant's brief.

It is manifest, from the language of the statute, that after filing the petition and bond for error, the duty of issuing the citation devolves peculiarly upon the clerk. He is not excused from this duty even by express instructions from the plaintiff in error. (Chambers *v.* Shaw, 16 Tex., 146; Peters *v.* Willis, 44 Tex., 569.)

The plaintiffs in error cannot be deprived of their rights under the statute by constructive laches of the clerk, over whom, in the exercise of his official duty, they have no control. "But in such cases the defendant in error may ac-

knowledge service or waive the necessity of citation in error in the court below, or bring up the record and submit the case to this court as a delay case, or for revision and judgment on the merits." (Chambers *v.* Shaw, 16 Tex., 145, 146; Peters *v.* Willis, 44 Tex., 569.)

"In practice, the writ of error does not issue at all. The point of time at which it would be properly issued, if issued at all, would be upon the filing the petition and bond. That, then, may appropriately be taken as the time when the writ is granted, whether it be formally issued or not; and if that be within the two years, the remedy is not barred, but the party may proceed even after two years to have the citation served on the defendants." (Roberts, C. J., in Crunk *v.* Crunk, 23 Texas, 605.)

Why the clerk held up the citation, the record does not disclose; but the defendants in error were not residents, and the attorneys of record were residents of the county where the judgment was rendered. To dismiss this cause for apparent laches of the clerk, we submit, will be a most dangerous precedent.

GOULD, ASSOCIATE JUSTICE.—The defendants in error move to dismiss the writ of error, the principal ground being the alleged laches of the plaintiffs in error in the prosecution of their writ. The judgment was rendered February 5, 1875, and the petition for writ of error, with the necessary cost bond, was filed January 24, 1877, nearly two years thereafter.

The citation was issued and served on March 29, 1877, over two months after the filing of the petition and bond, and less than twenty days before the first day of the assignment embracing Washington county. The result of the delay is, that a term of the court has been allowed to pass, the transcript having been filed at the present term instead of the term of 1877, and the plaintiffs in error appear to be responsible for that result. The statute required the clerk to issue the citation upon the filing of the petition and bond,

and as the writ is made returnable in thirty days, the plaintiffs in error had only to make inquiry at the end of that time to ascertain that not only was there no service, but that no writ had issued. Whatever might be the rule where less than thirty days remained for service, in order to be in time for the assignment at the next term of this court, there can be no question that the failure for sixty-four days to issue citation was negligence, both in the clerk and in the plaintiffs in error; and as that negligence has led to the loss of a term of court, the motion of defendants in error to dismiss the writ must, under former decisions, be sustained. (Wheeler *v.* The State, 8 Tex., 204; Roberts *v.* Sollibellus, 10 Tex., 354; Graham *v.* Sterns, 16 Tex., 156.)

The motion to dismiss is sustained.

SUSTAINED.

ROBERTS, CHIEF JUSTICE, dissenting. (See separate opinion in next case.)