F. HOLLOMAN AND OTHERS v. M. MIDDLETON, ADMINISTRATOR.

If the defendant in error be a resident of the county, service of the citation in error on his attorney, is unauthorised, and a motion to dismiss the writ of error on that ground, will be sustained; but, it seems, that the petition in error is not thereby dismissed; the case only is dismissed from this court, leaving the party at liberty to proceed and perfect service.

Where service of the citation has been acknowledged by the attorney, this court will not dismiss for want of service on the party.

ERROR from Jasper. Tried below before the Hon. A. W. O. Hicks.

This was a suit, instituted by Eliza Carroll, then a citizen of Tyler county, in the State of Texas, against the plaintiffs in error. Before the trial, the plaintiff departed this life, and Samuel W. Mellen became the administrator of her estate, and made himself a party plaintiff to the suit; and judgment was rendered in his favor, as such administrator.

Within the period of two years, thereafter, the plaintiffs in error filed their petition for a writ of error to the Supreme Court, in which they alleged, that Mellen had removed beyond the limits of the state, to parts unknown, and that one Marcel-

35

lus Middleton, a resident citizen of Jasper county, in the State
of Texas, was the duly appointed administrator of the said estate;
and the petition prayed that he might be cited to appear and
answer.

The petition for the writ of error was filed January 6th,
1859; a citation issued on the next day, and was served on
Henry C. Hicks, *the attorney of record* of the said Eliza Car-
rol, deceased, and of the said Mellen as such administrator, on
the 9th day of January, 1859. There was no service of the ci-
tation upon Middleton.

The defendant in error filed a motion in this court, to dismiss
the case, because, the citation was served upon the attorney of
record, when it appeared from the record, that the defendant in
error resided in the county of Jasper, and the return of the
sheriff did not show that the administrator could not be found.

*H. M. Kinsey*, for the plaintiffs in error.

*Moore & Walker*, for the defendant in error.

WHEELER, C. J.—The statute authorises service of the cita-
tion in error, on the attorney of record, when the defendant
in error is a non-resident of the state, or cannot be found.
(Hart. Dig., Art. 793.) Here the defendant in error was a resident
of the county. Service on the attorney, therefore, was unauthor-
ised. Motions to dismiss the writ of error upon this ground
have been sustained. (3 Texas Rep. 511; 10 Id. 270, 290.)

The court has not had occasion to consider the effect of their sus-
taining the motion. But where it is for the want of service of
the writ or citation, we suppose it has not been understood, that
the petition in error is dismissed, but only that the case is dis-
missed from this court, leaving the party at liberty to proceed
to perfect service. That such has been the understanding of
this court, is evident from the fact, that the action of the court
in such cases, has sometimes been to strike the case from the
docket. (Davenport v. Field, 12 Id. 94.) Such, and no more,

it would seem, must be the effect of the dismissal, for the reason that this court does not acquire jurisdiction of the cause until after service of the writ of error.

Where service of the citation has been acknowledged by the attorney, we have refused to dismiss for the want of service on the party, because the court would not proceed upon the supposition, that the attorney had not authority to acknowledge service for the party. But as there was not such acknowledgment in this case, and no legal service, the case must be stricken from the docket.

Dismissed.

ROBERTS, J., did not sit in this case.