### JOSEPH BEAVERS v. GEORGE BUTLER.

The 140th section of the act to regulate proceedings in the district court pro-
vides for the issuance of writs of error, to be directed to the county of the
defendant's residence, and their service upon the party; and if the party is
a non-resident of the state, or *cannot be found*, the citation may be served
on the attorney of record. (Paschal's Dig., Art. 1495, Note 587.)

Where the record showed that the plaintiff resided in Galveston county, and
the citation was issued in Houston county, and served on the attorneys
of record who resided there, the statute and authorities in the note were
reviewed, and the case dismissed.

ERROR from Houston. The case was tried before Hon.
REUBEN A. REEVES, one of the district judges.

Butler having obtained judgment by default, Beavers
prosecuted error, but instead of directing the writ to Gal-
veston, where the petition averred Butler's residence to be,
he had it directed to Houston and served upon Butler's
attorneys. The plaintiff in error did not appear, but de-
fendant suggested delay.

*Taylor & Moore*, for the defendant in error.

COKE, J.—The petition for writ of error alleges the res-
idence of defendant in error to be in Galveston county.
The writ of error is directed to the sheriff of Houston
county, and commands him to make service on the defend-
ant in error, if to be found in that county, and if he cannot
be found, then to serve it on Taylor & Moore, his attorneys
of record. The return of the sheriff shows the service to
have been made on Taylor & Moore, the attorneys of re-
cord, without saying whether or not the defendant in error
could be found.

Article 793, Hartley's Digest, reads as follows: "The
clerks of the several district courts shall grant writs of
error upon any final judgment, order, or decree rendered
in their court, upon the petition of any party interested.

Upon the filing of any such petition, the clerk shall issue a citation, directed to the sheriff of the county where the opposite party is alleged to reside," &c. The same article provides, that when the defendant in error is a non-resident of the State, or cannot be found, service of the writ of error may be made on the attorney of record. The defendant in error in this case is alleged to reside in Galveston county, and to the sheriff of that county the writ of error should have been directed. The act of the clerk in issuing it to the sheriff of Houston county is unauthorized by the statute, which plainly and imperatively requires him to look to the petition to ascertain the residence of the defendant in error, and to direct the writ of error to the sheriff of the county in which he is then alleged to reside. If the writ had been directed to the sheriff of Galveston county, and the defendant could not have been found, then service on his attorney of record would have been proper; but it would defeat the manifest intention of the statute, which requires that the defendant in person shall be notified of the proceeding, if he is in the state or can be found, to allow the writ issued to a county other than that of his residence, where he could not be expected to be found, and because not found there, to hold service on his attorney of record good. The transcript is filed in this court by the defendant in error, but this does not remedy the want of proper service on him.

In Mills v. Bagby, 4 Tex., 323, it was held by this court, that "The plaintiff in error has no right to the record or transcript until after service of the citation on the opposite party, and if the defendant were permitted to take a transcript before such service and present it to this court, and have the judgment affirmed, it would preclude the plaintiff from an opportunity of having his rights inquired into in this court, as he has no right to the transcript until citation is returned into the clerk's office executed." The statute does not authorize the clerk to make out the trans-

cript until the return of the writ executed. (Paschal's Dig., Art. 1495.) The error in the issuance of the writ in this case was committed by the clerk, and the plaintiff in error is without fault. It was held in Holloman v. Middleton, 23 Tex., 539, that this court does not acquire jurisdiction of the cause until after service of the writ of error. The plaintiff in error is presumed to know that no proper service of the writ of error has been made in this case, and for aught that we know to the contrary, may, without any knowledge that the transcript has been brought here, be taking steps to have a writ of error properly executed on the defendant in error.

Because there has been no service of the writ of error in this case, it must, in accordance with the long-settled practice of this court, be stricken from the docket at the cost of the party filing the transcript.

ORDERED ACCORDINGLY.