# SUPREME COURT OF TEXAS.

## GALVESTON TERM, 1878.

### S. L. HOHENTHAL v. J. L. TURNURE.

1. PRACTICE IN SUPREME COURT — DELAY IN FILING.—Defendant in error may accept service of citation and file the transcript at a term to which, by reason of delay, the plaintiff in error could not, and obtain an affirmance of the judgment on the same without reference to merits.

2. CASE DECIDED—PRACTICE IN SUPREME COURT—DELAY.—Judgment was rendered November 18, 1875, for plaintiff. March 3, 1876, defendant filed petition and bond for writ of error. He died July 23, 1876. February 12, 1877, citation in error was issued and returned not executed. October 5, 1877, administration was opened on the estate. December 15, 1877, defendant in error indorsed on the petition in error his waiver of citation and acceptance of service in error. January 18, 1878, defendant in error notified the administratrix of his acceptance of citation in error. February 11, 1878, defendant in error filed the transcript. No appearance was entered for plaintiff in error. February 20, 1878, defendant in error filed motion for affirmance on the record without reference to the merits : *Held*, That defendant in error was entitled to such affirmance.

ERROR from Harris. Tried below before the Hon. James Masterson.

This was a motion filed February 20, 1878, by defendant in error, to affirm on the record filed by him without reference to merits. The assignment to which the cases from Harris county were returnable was fixed for February 18, 1878. There was no appearance for plaintiff in error. The court overruled the motion and (March 12) dismissed the cause because the citation in error had not been issued and served so as to give jurisdiction at the term.

(1)

March 29 the judgment dismissing the cause was suspended and cause transmitted to Austin.

The brief of defendant in error gives a full statement of the facts, and it is inserted.

*Robert G. Street,* for motion.—J. L. Turnure, who is defendant in error, and who was plaintiff in the court below, obtained judgment against S. L. Hohenthal, who is the plaintiff in error, in the District Court of Harris county, November 18, 1875, for $2,374.76.

Hohenthal filed in the District Court of Harris county, on the 3d of March, 1876, his petition for writ of error, with supersedeas bond.

From affidavit of attorney of record for defendant in error, filed in this court, it appears that Hohenthal, the plaintiff in error, died on the 23d of July, 1876.

No citation in error had been issued, nor waiver of citation and acceptance of service made, prior to the death of the plaintiff in error.

On the 12th day of February, 1877, citation in error was issued and returned "not found"; and on the next day the defendant in error, by his attorney of record, indorsed on the petition in error his waiver of citation and acceptance of service.

From affidavit filed in this court, it appears that no administration was had on the estate of deceased plaintiff in error until the 5th day of October, 1877, when Mrs. Charlotte D. Hohenthal, surviving wife, residing in Harris county, was duly appointed and qualified in the County Court of Harris county as such administratrix.

On the 15th day of December, 1877, after the appointment of the administratrix, defendant in error, by his attorney of record, again indorsed on the petition in error his waiver of citation and acceptance of service in error.

On the 18th of January, 1878, defendant in error caused notice to be given to the administratrix of plaintiff in error

of the pendency of the cause on writ of error, and of his waiver and acceptance of service, requiring her to prosecute the writ of error. This is made to appear by a sworn copy of the notice, with return under oath, showing personal service filed in this court.

The transcript of the record was filed in this court by the defendant in error, with affidavits as stated, on the 11th of February, 1878. The assignment was taken up February 18. No appearance was made for plaintiff in error. The motion to affirm was made February 20, 1878.

1. Had the plaintiff in error survived, the defendant in error might have accepted service, and brought up the record and submitted it for affirmance. (Chambers v. Shaw, 16 Tex., 145; Batey v. Dibrell, 28 Tex., 173; White v. Proctor, 17 Tex., 406.)

2. The only additional requirement reasonably growing out of the fact of his death would seem to be that of notice to his legal representative. (Teas v. Robinson, 11 Tex., 774; Lewis v. Mills, 29 Tex., 124, and authorities *supra*.)

GOULD, ASSOCIATE JUSTICE.—The death of plaintiff in error, after filing petition for writ of error and the approval of his supersedeas bond, but before service of citation in error and before making an assignment of errors, did not, under the statutes of this State, abate the writ of error. The evident spirit and design of the various statutes on the subject of the death of parties to a suit is that the suit or proceeding shall not abate. (Paschal's Dig., arts. 6, 7, 13, 1573, 6463.)

Although the jurisdiction of this court does not attach for the purpose of adjudicating the case until service of citation in error, (Holloman v. Middleton, 23 Tex., 537; Crunk v. Crunk, 23 Tex., 605; Beavers v. Butler, 30 Tex., 24; Mills v. Bagby, 4 Tex., 320; Davenport v. Field, 12 Tex., 94,) yet the suit is "pending" in this court, within the meaning of the statute, so that proper process may issue to enable this

court to proceed to a final judgment in the name of the representative of the deceased.    (Paschal's Dig., art. 1573.)

In this case the defendant in error has not proceeded under the act of November 29, 1871, authorizing this court, in any cause pending therein when any party to the record shall die " after the appeal bond has been filed and approved and after the writ of error has been served," to proceed to adjudicate the case as if the parties thereto were still living.    (Paschal's Dig., art. 6463.)

No question under that statute need be considered.    Proceeding without regard to it, defendant in error has caused the administratrix of the estate of the deceased plaintiff in error to be notified to prosecute the writ of error; and having acknowledged service after the administratrix had qualified, and in time for the Galveston Term, 1878, he filed the record at the proper return term, and the administratrix failing to appear, he asks for an affirmance as on certificate. Our opinion is, that it sufficiently appears by affidavits that Charlotte D. Hohenthal is administratrix of the estate of deceased, and that she has been notified to prosecute the writ of error, and that the case being now in a condition to enable this court to proceed to final judgment in the name of Charlotte D. Hohenthal, administratrix of the estate of S. L. Hohenthal, deceased, the defendant in error is entitled to the affirmance which he asks.

The delay of defendant in error in acknowledging service, on account of which the affirmance was at first refused, has, on very full reconsideration of the subject, been held no sufficient ground for such refusal.    (See opinion this day delivered in case of Overton *v.* Terry & Huffman.)

The judgment is affirmed.

                                        Affirmed.


[Opinion, June 28, 1878.    This and the case following should have appeared in 49 Texas, in connection with the last case in that volume.]