## W. S. SWILLEY V. I. N. WATSON.

Decided October 17, 1904.

**Writ of Error—Citation—Laches.**
A delay of over six months after rendition of judgment in filing a petition for writ of error, and a further delay of thirteen months in issuing citation, was gross laches sufficient to authorize a dismissal of the writ, no sufficient excuse for the delay being shown.

Error from the District Court of Liberty. Tried below before Hon. L. B. Hightower.

*Bullitt & Louis,* for plaintiff in error.

*Greer & Minor,* for defendants in error.

GILL, ASSOCIATE JUSTICE.—On August 21, 1902, defendants in error recovered a money judgment against plaintiff in error in the District Court of Liberty County.

On February 23, 1903, plaintiff in error filed his petition for writ of error to this court and executed a supersedeas bond.

Plaintiff in error failed and neglected to have citation in error issued until February 24, 1904, and failed to have it served until the 25th of the last named month, which was more than eighteen months after the rendition of the final judgment in the court below and more than twelve months after the filing of the petition for writ of error.

The transcript was not filed in this court until May 21, 1904, and no briefs have yet been filed.

It is made to appear by the affidavit of E. A. Blount, one of the defendants in error, that during the year after the rendition of the judgment, plaintiff in error approached the attorneys of affiant for the purpose of effecting a compromise. These negotiations lasted not exceeding two weeks and resulted in a failure to reach an agreement, during which time nothing was said to plaintiff in error to induce him to delay perfecting his writ of error to this court. It is further alleged in the affidavit that the writ of error was not applied for until execution was issued and the supersedeas bond not filed until it was threatened to be levied, and that plaintiff in error has willfully failed to perfect the proceedings in error until he was again threatened with execution.

Upon these facts the motion is based for the dismissal of the writ, the defendants in error insisting that plaintiff in error has lost his rights by laches and willful delay, thus postponing the determination of the litigation until the close of the term of this court to which the writ was returnable and delaying them in the enforcement of their judgment.

In answer to the motion plaintiff in error, by his attorney in charge of the case, denies that the delay was intentional but offers no excuse

save that the filing of the writ was in itself a demand for citation, but it also appears from the answer that the only other demand for the citation was made by letter dated November 21, 1903, which was thirteen months after the rendition of the judgment and nine months after the application for the writ.

After the issuance of the writ some slight delay was caused by the correction of some clerical errors therein, but as to these and after all the delay above indicated the attorney for plaintiff in error waited until he should make a trip to Liberty County on other business before securing their correction.

We are of opinion the delay made to appear by defendants in error is ample to establish gross laches and to authorize the dismissal of the writ. The answer of plaintiff in error discloses no valid excuse for the laches thus shown. Cotton v. Patterson, 59 S. W. Rep., 568; Wilson v. Adams, 50 Texas, 9; Thompson & Adkinson v. Rice & Davis, 49 Texas, 769.

The motion to dismiss is sustained.

*Dismissed.*