## LEOPOLDO CRUZ ET AL. v. THE STATE.

### No. 3338. Decided December 23, 1914.

#### 1.—Scire Facias—Writ of Error—Supersedeas—Jurisdiction.

Where a judgment nisi was made final and no appeal was taken, but after the adjournment of the trial court, the principal and sureties filed their formal petition for a writ of error to this court from said final judgment and executed a supersedeas bond, filing same with the clerk of the lower court, this had the effect to cause the case to be pending in this court from that date, although the jurisdiction of this court does not attach for the purpose of adjudicating the

case until service of citation in error. Following Hohenthal v. Turnure, **50 Texas, 1,** and other cases.

**2.—Same—Writ of Error—Delay—Certificate of Affirmance—Dismissal.**

Where plaintiffs in error filed their petition for writ of error and supersedeas bond in the lower court, but did not file the record in this court, but persistently pursued such tactics as to delay the hearing of the case for more than a year after said petition was filed, and the State filed its certificate for affirmance in this court, and the record before this court brought by the State is ample for this court to dispose of the whole case, and no citations having been issued or served on the appellee, this court will presume that plaintiffs in error have abandoned their writ and are barred by the statute and their laches from having any hearing in this court on its merits, and while this court can not affirm on the clerk's certificate, the case will be dismissed so that the State can proceed to collect its judgment. Following Thompson v. Rice, 49 Texas, 769, and other cases.

Writ of error from the District Court of Hays. Tried below before the Hon. Frank S. Roberts. Judgment final on scire facias bond of $1000.

The opinion states the case.

*O. T. Brown* and *J. C. Johnson, Jr.,* for plaintiffs in **error.**

*C. E. Lane,* Assistant Attorney General, for the State.

ON REHEARING.

December 23, 1914.

PRENDERGAST, PRESIDING JUDGE.—This is a scire facias case, brought here on an attempted writ of error.

When the cause was first submitted on November 11, 1914, the record was only a certificate by the clerk of the lower court and the motion of the Assistant Attorney General to affirm on that certificate. No other part of the record was then before us. The certificate of the clerk of the lower court did not show that any citation had ever been issued or served. Under such circumstances two of us were of the opinion we could not affirm on that account. The other of us thought differently. Thereupon two opinions were prepared, one by the majority dismissing the certificate and striking the cause from the docket, and the other opinion opposed this. The record now before us is in altogether a different attitude from what it was then. Hence, we now vacate and set aside the former action herein, including both opinions and direct that neither shall be published. We reinstate the cause and will now pass upon the questions as they arise and are presented now.

In October, 1911, Leopoldo Cruz was convicted of a felony,—pursuing the occupation or business of selling intoxicating liquors in prohibition territory,—in the District Court of Hays County, Texas. He appealed that case to this court, and on October 17, 1911, entered into a proper bail recognizance in the sum of $1000 pending appeal to this

court. That recognizance was in accordance with the law and bound him to appear before said lower court to abide the judgment of this. This court affirmed that case June 12, 1912, and is reported in 67 Texas Crim. Rep., 93, 148 S. W. Rep., 564. Cruz failed to appear, and his said recognizance sureties failed to produce him, at the proper time in compliance therewith before said lower court. Thereupon, at the March term of that court the recognizance was properly forfeited, and on March 19, 1913, the proper judgment nisi thereon entered. Proper citation was duly issued and served and at the next term of the court, on October 17, 1913, the said sureties, Manuel Espinosa, Anulfo Lucio, and T. Renteria, appeared, answered and the court tried the case, and on that day rendered final judgment against them as well as against Cruz, their principal. They did not appeal. The court adjourned for the term on that date. Soon after that term of court adjourned the State sued out execution against them and was about to levy upon their property to make the judgment and costs. On December 5, 1913, they filed their formal petition for a writ of error to this court from that final judgment and executed a supersedeas bond. Both the petition for writ of error and bond were on that day filed with the clerk of the lower court. This, under the statute and decisions, had the effect of causing the case to be pending in this court from that date. (Hohenthal v. Turnure, 50 Texas, 1.)

"Although the jurisdiction of this court does not attach for the purpose of adjudicating the case until service of citation in error (Holoman v. Middleton, 23 Texas, 537; Crunk v. Crunk, 23 Texas, 604; Beavers v. Butler, 30 Texas, 24; Mills v. Bagby, 4 Texas, 320; Davenport v. Field, 12 Texas, 94), yet the suit is 'pending' in this court, within the meaning of the statute, so that proper process may issue to enable this court to proceed to final judgment."

Upon filing said petition and supersedeas bond, the law makes it the imperative duty of the clerk "forthwith to issue citation for the defendant in error." (R. S., 2090.) Such citation shall command the sheriff "forthwith to summon the defendant (in error) to appear and defend such writ before the Court of Civil Appeals (this court in criminal matters) within sixty days from the date of the service of such citation." (R. S., 2091.) The statute requires the sheriff "to execute and return it forthwith." (R. S., 2092.) We judicially know that the proper representative of the State, the appellee in this case, could have been served within a day or two if said citation had been promptly issued and placed in the officer's hands. The statute also imperatively requires the plaintiff in error to file the transcript with the clerk of this court within ninety days from the service of said citation (R. S., 1608), but authorizes this court for good cause to permit the record to be filed later upon such terms as it may prescribe. In this case plaintiffs in error have not, prior to December 16th inst., in any way sought to file the record in this case, nor have they in any way asked this court to permit them to do so, claiming that they had good cause for not doing so before. The State alone has filed the record in this cause and it

seeks action. Plaintiffs in error resist any action by this court, except a dismissal of the certificate for affirmance when the cause was first submitted on that issue alone, and now resist the rehearing by plea in the alternative that in case the court does grant a rehearing and set aside the former dismissal of said certificate, then to grant them a certiorari to the clerk of the lower court directing him to immediately prepare and forward the transcript and then that the case be docketed, set down for submission, allowing them a reasonable time to prepare and file briefs.

The State filed the certificate for affirmance in this court October 26, 1914. Plaintiffs in error had due notice of that and they appeared by their attorneys in this court on November 11, 1914, and both orally and by their written answer thereto, filed their resistance and brief on that question. The State filed a motion for rehearing herein on December 2, 1914. Proper citation was issued to the plaintiffs' attorneys of record and was duly served on them on December 4, 1914. The matter was then prematurely submitted on December 9, 1914, but upon their showing that it was prematurely submitted that submission was set aside and postponed of which they had full notice and knowledge, to December 16, 1914, at which time this matter was again resubmitted to this court. This whole record shows that the plaintiffs in error, through their attorneys, have persistently pursued such tactics as to delay this case and have delayed it for more than a year. This court will permit no further delay in the case. The record before us, brought by the State and not by appellant, is ample, full and complete for this court to now dispose of the whole case, which it does.

The record contains an affidavit made by Mr. J. S. Davis, the clerk of the lower court, on November 12, 1914, which, after identifying this cause, states: "Citation in error has never been served on the district attorney or anyone authorized to represent the State of Texas, notifying them that writ of error had been filed in this cause. When writ of error was filed in this cause plaintiff's attorney, Mr. T. C. Johnson, Jr., told me that he preferred to prepare the citations himself and he took all the papers in this cause to his office, but never at any time prepared the citations, and never would return the papers so that I could do so, although I asked him several times to return them, and finally the district judge ordered him to return the papers to my office the last term of the District Court."

In reply to this affidavit by the clerk, Mr. Johnson, one of the attorneys of record for the plaintiffs in error, and also one of their sureties on their supersedeas bond, made an affidavit on December 15, 1914, and filed it in this court in this cause the next day, which is to this effect:

"When petition for writ of error was filed in said cause on December 5, 1913, as I remember, I offered to prepare the citations for the clerk and took some of the papers in said cause to my office to aid me in preparing the citations and to use in briefing the case on appeal. Either through oversight or the press of other business I did not prepare the citations. A month or so after taking the papers to my office the dis-

trict clerk asked me if I had prepared the citations. I stated to him that I had not found time to do so, and in a week or so he then again asked me about the citations. I again then stated to him that I had not found time to prepare same and suggested to him that he prepare the citations himself, as I was too busy.

"Several times after that the clerk asked me about the citations, and each time I told him I had not prepared them and that he had better go ahead and prepare them himself.

"The clerk knew all of this time that part of the papers were in my office, but neither he, nor anyone purporting to act for him, ever called on me for the papers or even intimated a desire to have the papers until during the last term of District Court in the month of October, 1914, the clerk, as I remember, told me over the telephone that the district judge wanted to see the papers. I immediately sent the papers to the courthouse, thinking Judge Roberts wanted to see them for some reason. Judge Roberts never said anything to me about the papers and never ordered me to return same, as far as I know, unless it was when he asked the clerk to telephone me concerning same.

"In this connection I wish to state that my office is situated about 150 yards from the office of the district clerk, and it has been customary for years for members of the local bar to take papers from the clerk's office and keep them until called for. Both Mr. Davis and his assistant are in the habit of coming to my office for court papers whenever they want them, and sometimes request me to return papers by telephone, which is uniformly done. During all the time the above mentioned papers were in my office the clerk never called or telephoned for the papers or in any way indicated that he desired same.

"My failure to prepare the citations was not due to any intention or desire on my part to prevent or delay the issuance of same, but in undertaking to prepare these papers I was merely trying to accommodate the clerk, who has no stenographer and whose age prevents him from turning out work of this sort promptly and accurately. It has been customary for some attorneys of the local bar to prepare citations and other papers of this sort for the clerk for several years."

Taking these affidavits together they establish, without any question, that the plaintiffs in error, through their attorney, not only failed to exercise any diligence whatever to have the citations issued and served and the cause filed in this court, but, on the contrary, from them we think it reasonable to conclude that the course pursued was to merely tie up the judgment below for as great a time as possible and not, in good faith, to prosecute his writ of error from the judgment of the lower court. That by their action it shows they abandoned their writ of error and that they are barred by the statute and their laches from now having any hearing whatever thereon on its merits.

The statute (R. S., 2086) says: "The writ of error may in cases, where the same is allowed, be sued out at any time within twelve months after the final judgment is rendered and not thereafter." The final judgment in this cause was rendered October 17, 1913. It is true the

petition for writ of error and supersedeas bond were filed in the lower court on December 5, 1913, within the twelve months, but it is also established as stated, without any question, that no citation whatever was issued and that it was prevented from being issued by the inaction, if not the express action, of the plaintiffs in error's attorney, as shown by said affidavits copied above. The law made it the duty of the plaintiffs in error, in order to get the benefit of the writ of error, to use diligence to procure the issuance and service of citation and bring the record to this court, and by their failure they abandoned their writ of error and the same is barred by the express terms of the statute and their laches, so that they deprived themselves of a hearing on the merits. We deem it unnecessary to discuss the authorities establishing that by their action they are deprived by their laches and limitation of their writ of error. We merely cite the following cases which, in principle, are applicable and clearly establish the law: Rucker v. Shoemaker, 81 Texas, 22; Wood v. Mistretta, 49 S. W. Rep., 236, and authorities therein cited; Maddox v. Humphries, 30 Texas, 494; Tribby v. Wokee, 74 Texas, 143; Wood v. Ry. Co., 15 T. C. A., 325; R. R. Co. v. Flatt, 36 S. W. Rep., 1029, and cases cited below.

Under the facts, the statute and decisions, we can not affirm on the clerk's certificate.

As the plaintiffs in error under the facts and authorities have abandoned their writ of error and are barred by limitation and their own laches, we can not hear and determine the case on its merits.

For the same reasons we can not affirm the case on the whole record.

The result is that we can and do finally dispose of the case by granting the State's last alternative motion and prayer to dismiss the case so that the State can proceed to collect the said judgment and take whatever action it is authorized by law to take to hold the sureties on the supersedeas bond liable. Thompson v. Rice, 49 Texas, 769; Swilley v. Blount, 82 S. W. Rep., 790; Cotton v. Patterson, 59 S. W. Rep., 568; Wilson v. Adams, 50 Texas, 5; Wheeler v. State, 8 Texas, 228; Roberts v. Sollibellus, 10 Texas, 352; Graham v. Stearnes, 16 Texas, 154.

It is, therefore, the order of this court that this cause and the writ of error herein attempted to be sued out by plaintiffs in error be and the same is hereby dismissed, and the State remitted to whatever rights it has to enforce the original judgment of the court below and the liability of the sureties on said supersedeas bond, with judgment against plaintiffs in error for all costs herein.

*Writ of error dismissed.*