## LIPSCOMB et al. v. McCART et al. *
(No. 11723.)

Court of Civil Appeals of Texas. Fort Worth.
March 12, 1927.

Rehearing Denied April 23, 1927.

1. Appeal and error ⬥⟐361(2), 419(1)—Petitions and citations in appeals by writ of error, giving style and number of case and describing judgment, held sufficient (Rev. St. 1925, arts. 2257, 2260).

Petitions and citations in appeals by writ of error, giving proper style and number of case, amount of judgment rendered, and parties to action, and describing judgment, *held* in substantial compliance with Rev. St. 1925, arts. 2257, 2260, as being sufficient to identify judgment of district court, which party desired to revise.

2. Courts ⬥⟐21—Trial court does not acquire jurisdiction until issuance of service of process on defendant (Rev. St. 1925, art. 2022).

Trial court fails to acquire jurisdiction over defendant until citation in strict compliance with Rev. St. 1925, art. 2022, has been duly issued and served on him.

3. Appeal and error ⬥⟐455—Appellate jurisdiction is perfected by filing in trial court petition and bond for writ of error (Rev. St. 1925, arts. 2257, 2258, 2267).

Under Rev. St. 1925, art. 2267, jurisdiction of Court of Civil Appeals in writ of error proceeding is perfected by filing in trial court a petition and bond, as required by articles 2257,

---

⬥⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction June 4, 1927.

2258, without necessity of issuance or service of citation.

**4. Judgment ⬤⇒17(2)—Default judgment on defendant's cross-action on citation failing to name all of parties to proceeding held erroneous (Rev. St. 1925, art. 2022).**

Under Rev. St. 1925, art. 2022, judgment by default against defendant on cross-action by codefendant *held* erroneous, where citation failed to name all of parties to proceeding, as required by such article.

**5. Judgment ⬤⇒17(2)—Judgment by default against defendant not served with citation stating names of all parties to suit is erroneous.**

Defendant is not bound to answer a complaint against him, when served with citation which fails to state the names of all parties to suit, and judgment by default, based on such defective citation, is erroneous.

On Motion for Rehearing.

**6. Appeal and error ⬤⇒1173(1)—Reversal on appeal as to one of parties requires reversal as to all, where rights are interdependent.**

Where rights of parties on appeal are interdependent, a reversal of judgment of one of parties requires reversal as to all, since, under the statute, there can be but one final judgment.

Error from District Court, Tarrant County; R. E. L. Roy, Judge.

Suit by N. H. Lipscomb against H. C. McCart and others, wherein defendant named filed a cross-action and interpleader against defendant J. M. Loughry. Judgment for defendant H. C. McCart against defendant Loughry, and in favor of plaintiff, and adjudging that plaintiff's lien was subordinate to that of defendant H. C. McCart, and plaintiff and defendant Loughry bring error. Reversed and remanded.

B. W. James and A. H. Kirby, both of Fort Worth, for plaintiffs in error.

A. B. Curtis, of Fort Worth, for defendants in error.

CONNER, C. J. No objection to the statement of the nature and result of the suit as given by the plaintiffs in error has been presented. It will accordingly be adopted and reads as follows:

"This suit was filed by N. H. Lipscomb on October 7, 1925, as plaintiff, against J. M. McNellis and wife, Florence McNellis, J. M. Loughry, Howard Mays, trustee, H. C. McCart, and William Monnig, defendants, for the collection of two notes, one for the sum of $150 due and payable two years after date, and one for the sum of $1,350 due and payable three years after date, both dated March 5, 1923, and bearing interest at 10 per cent. per annum, payable semiannually, and providing for the usual 10 per cent. attorney's fees, alleging that said notes were executed by defendant J. M. McNellis and Florence McNellis to J. M. Loughry as part

payment for lot No. 20, block 19, of the Byers and McCart addition to the city of Fort Worth, Tarrant county, Tex., and that said notes were secured by a vendor's lien on said property. The plaintiff prayed for judgment for the amount of said notes, principal, interest, and attorney's fees, and for a foreclosure of the vendor's lien. Citation was issued on said petition for defendants Howard Mays, trustee, H. C. McCart, William Monnig, and J. M. Loughry, and served on each of said defendants.

"On November 9, 1925, defendant H. C. McCart filed his original answer to plaintiff's original petition, consisting of a general demurrer and a general denial, and for further answer pleaded a cross-action and interpleader against the defendant J. M. Loughry, in which he alleged that said defendant McCart, on January 11, 1923, made, executed, and delivered to defendant J. M. Loughry his certain warranty deed conveying lot No. 20, in block No. 19, Byers and McCart addition to the city of Fort Worth, Tarrant county, Tex., and that, as a part of the consideration for said deed, said J. M. Loughry executed and delivered to defendant H. C. McCart his promissory vendor's lien note for the sum of $607.50, secured by a vendor's lien on said lot No. 20, in block No. 19, which note was alleged to be payable in installments of $10 each, beginning on the 11th day of February, 1923, and alleging that there was due on said note the sum of $367.50, principal, with interest thereon at 8 per cent., since the 11th day of February, 1925, and praying for judgment against said J. M. Loughry for the principal, interest, and attorney's fees on said note, and for a foreclosure of his lien against all other parties to said suit.

"Citation on the cross-action of the defendant H. C. McCart against J. M. Loughry was issued on the 13th day of November, 1925, and served on said J. M. Loughry on November 14, 1925, in which the names of the parties to said suit were stated as follows: 'In cause wherein N. H. Lipscomb is plaintiff and J. M. McNellis et al. are defendants.'

"The plaintiff, N. H. Lipscomb, filed first supplemental petition in reply to the original answer of the defendant H. C. McCart, in which it was alleged that the lien asserted by the defendant H. C. McCart is a lien second and inferior in all respects to the lien securing the two notes sued on by the plaintiff, and setting up the reasons for said contention by the plaintiff, which supplemental petition was filed on December 29, 1925. Neither of the defendants J. M. Loughry nor William Monnig filed any answer or entered any appearance in said cause.

"On January 4, 1926, judgment was rendered in said cause, reciting: 'Came plaintiff, N. H. Lipscomb, and defendant H. C. McCart, and defendants J. M. Loughry, Howard Mays, trustee, and William Monnig, though duly cited came not, but made default.'

"Plaintiff dismissed as to defendants J. M. McNellis and wife, Florence McNellis, and judgment was rendered in favor of H. C. McCart against defendant J. M. Loughry for the sum of $434.49, with interest thereon at 8 per cent. per annum and for a foreclosure of the lien alleged by him on lot 20, block 19, of Byers and McCart addition to the city of Fort Worth, Tarrant county, Tex., and judgment was rendered in

favor of the plaintiff, N. H. Lipscomb, for $1,-879.10, with interest from said date, without naming against whom said judgment was rendered, and adjudging said amount to be secured by a valid second lien, subordinate to the lien of said defendant H. C. McCart, and declaring the lien foreclosed as against all parties hereto, except as above provided, and ordering the property sold to satisfy said judgments, and directing the application of the proceeds, first, to the payment of costs, except the costs incident to the making of J. M. McNellis and wife, Florence McNellis, parties to said suit; second, to the payment and satisfaction of the judgment in favor of defendant H. C. McCart in the amount of $434.49, together with 8 per cent. interest thereon from the date of the judgment; third, to the payment and satisfaction of the judgment in favor of plaintiff, N. H. Lipscomb, in the amount of $1,879.10, together with 10 per cent. interest thereon from date, save and except certain costs; fourth, the balance, if any, to be paid to defendant William Monnig.

"The judgment further provided that, if the property should not be sold for sufficient to pay off and satisfy the judgment in favor of H. C. McCart, then said officer should make the balance due thereon out of defendant J. M. Loughry as under execution, and directing the officer to place the purchaser of said property in possession within 30 days after the date of sale."

On June 7, 1926, plaintiff, N. H. Lipscomb, filed his petition and bond for writ of error. Citation in error was issued on June 7, 1926, and duly served on defendant in error H. C. McCart.

On March 23, 1926, the defendant J. M. Loughry filed his petition and bond for writ of error. Citation was issued thereon the same day and on the 24th day of March appears to have been duly served on H. C. McCart.

The several plaintiffs in error have been permitted to file briefs in this court and the material contention therein presented for our consideration is that the court erred in rendering judgment by default against the defendant J. M. Loughry on the cross-action of defendant H. C. McCart, for the reason that the citation which was served on defendant J. M. Loughry on said cross-action is defective, in that the said citation does not contain the names of all the parties to the suit, as required by the statutes of the state of Texas.

The defendant in error McCart has entered his qualified appearance in this court by a motion which he alleges is "solely for the purpose of filing" the motion. In the motion thus presented, it is insisted that the appeal should be dismissed on the ground that the writ of error proceedings in both the case of Loughry and Lipscomb are fatally defective, and that, therefore, the "cause should be dismissed because of lack of jurisdiction of this honorable court."

The statute prescribing the requisite of a petition for a writ of error (article 2257, Rev. Statutes of 1925) reads as follows:

"The petition shall state the names and residences of the parties adversely interested, shall describe the judgment with sufficient certainty to identify it, and shall state that he desires to remove the same to the Court of Civil Appeals for revision and correction. Where the plaintiff in error desires the issuance of a supersedeas, he shall state the facts which entitle him thereto, and pray for the issuance thereof."

Article 2260, prescribing the requisites of a citation in error, reads as follows:

"The citation shall be styled, dated and tested by the clerk as other writs, and the date of its issuance shall be noted thereon. It shall be directed to the sheriff or any constable of the county where the defendant is alleged to reside or be, and shall command him forthwith to summon the defendant to appear and defend such writ before the Court of Civil Appeals within sixty days from date of service of said citation, stating the place of holding the same, according to the provisions of the law regulating the returns of appeals and writs of error from the court in which the judgment was rendered. It shall state the date of the filing of the petition in error, the names of the parties, and the description of the judgment as therein given. Such citation shall be made returnable within ten days from the issuance of the same, if defendant resides in the county, and within twenty days, if he resides out of the county."

[1] We have carefully considered the petitions and citations in the several appeals by writ of error, and have concluded that they are in substantial compliance with the statutes relating to such proceedings. Without copying the instruments referred to, we think it sufficient to say that in all respects they are sufficient except that it is urged that the judgment rendered in the district court is not sufficiently described, particularly in a failure to name all of the parties to the suit.

The petition of Loughry gives the proper style and number of the case as pending in the district court. It states the true date upon which the district court judgment was rendered; the amount of the judgment rendered in favor of the defendant H. C. McCart against Loughry. It states that N. H. Lipscomb was plaintiff, and that the petitioner (Loughry) was one of the defendants; that it was decreed that H. C. McCart "do have and recover of and from defendant J. M. Loughry and William Monnig, and from plaintiff, H. N. Lipscomb, all costs incurred by him (McCart) in this suit; that for the amount of his said judgment, to wit, $434.49, with interest thereon from this date and costs of suit, said defendant H. C. McCart has and holds a valid first lien upon the property involved in this cause, to wit, lot No. 20 in block No. 19 of the Byers and McCart addition to the city of Fort Worth, Tarrant county, Tex., with all improvements thereon situated; and that said lien is hereby foreclosed upon said property and the same shall be sold for the satisfaction of said lien, as hereinafter provided, free of any and all

claims of all the other parties hereto, and awarded to the said H. C. McCart an order of sale directing and ordering the sale of the property above described."

The citation in the case of Loughry was issued in the name of the state of Texas, properly directed to the sheriff or any constable of Tarrant county who was commanded to summon forthwith H. C. McCart to appear before this court at the proper time and place; it names the true date of filing of the petition in error; it gives the proper docket number of the case, to wit, 71230, and the style of the case in the district court; and further recites that:

"And which said judgment is described in said petition as follows, to wit: On January 4, 1926, a judgment was rendered in favor of H. C. McCart and against J. M. Loughry, in cause No. 71230 on the docket of said court, in the sum of $434.49, together with 8 per cent. interest and costs of suit, etc., that the said H. C. McCart has and holds a valid first lien upon the property involved in said cause, the same being lot 20 in block 19 of the Byers and McCart addition to the city of Fort Worth, Tarrant county, Tex., with all improvements thereon situated, in which judgment aforesaid decree that said lien be foreclosed upon said property, free of any and all claims of all the other parties to said suit, and awarding to said H. C. McCart an order of sale to sell said property in satisfaction of the said H. C. McCart's debt.

"Wherefore this petitioner, J. M. Loughry, prays that citation issue in terms of law, and that said judgment and order be removed to the Court of Civil Appeals for the Second Supreme District of Texas for revisions and correction of the many errors contained in said judgment of the district court of Tarrant county."

The citation was duly issued and tested as under the date of March 28, 1926, with the sheriff's return, stating that it came into his hands on the 26th day of March, 1926, and executed at 10 o'clock a. m. of the same day, by delivering to H. C. McCart in person a true copy of the citation. We think the statement of the date of the issuance of the citation as of March 28th is evidently a clerical mistake, for we find that both the petition and the writ of error was filed on March 23d; that both were filed and approved the same day.

The petition for the writ by plaintiff in error N. H. Lipscomb is yet more completely in compliance with the statutes than the proceedings in the case of Loughry. In the Lipscomb petition the proper style and number of the case is given, the true date of the judgment in the district court, the sum adjudged in favor of defendant H. C. McCart, and it states the names of the parties to the suit as Lipscomb, plaintiff, and J. M. Loughry, H. C. McCart, William Monnig, Howard Mays, J. M. McNellis, and wife, Florence McNellis, as defendants. It further recites that the judgment in favor of McCart bore interest and adjudged costs against Loughry, Wm. Monnig,

and plaintiff, Lipscomb, and that for the amount of the judgment McCart held a valid first lien against all other parties to the suit on lot 20, block 19, Byers and McCort addition to the city of Fort Worth; that said lien was foreclosed, the property ordered to be sold, and adjudged the lien of the petitioner Lipscomb as second and inferior to the lien of defendant McCart; and that the proceeds of the sale of the property was to be applied, first, to the judgment of McCart, and any remaining to be applied on the judgment for $1,879.10, with 10 per cent. interest and costs in favor of the plaintiff, as against defendant Loughry, and for foreclosure of the petitioner's lien as against all defendants other than McCart.

The Lipscomb citation was properly issued in the name of the state of Texas, directed to the sheriff or any constable of Tarrant county, commanding him to summon H. C. McCart. William Monnig, and J. M. Loughry to appear before this court at the proper time and place, states the true date of the filing of the petition for writ of error, the true date of the rendition of the judgment in the district court, the true style and number of the case as pending in the district court, and the names of all of the parties to the suit in the district court, and recites that:

"Defendant H. C. McCart recovered judgment against defendant J. M. Loughry for the sum of $434.49, with 8 per cent. interest from date, and also recovered his costs against J. M. Loughry, Wm. Monnig, and N. H. Lipscomb, and that for the amount of his judgment, the valid first lien held by said H. C. McCart as against all other parties hereto upon the property in controversy, being lot 20, in block 19, of the Byers and McCart addition to the city of Fort Worth, Tarrant county, Tex., with all improvements thereon situated, and adjudging that your petitioner's lien on said property was second and inferior to the lien of defendant H. C. McCart and that the proceeds of the sale of said property be applied first to the payment of the judgment in favor of said H. C. McCart and any sum remaining to be applied on the judgment for $1,879.10, with 10 per cent. interest and costs in favor of the plaintiff, as against defendant J. M. Loughry, and for foreclosure of your petitioner's lien as against all defendants other than H. C. McCart."

This citation was duly issued and attested by the proper clerk, and appears to have been duly served on the same day upon H. C. McCart, Wm. Monnig, and J. M. Loughry.

We conclude, as before indicated, that the petitions and citations under consideration are in substantial compliance with the statutes. By reading article 2257, hereinabove quoted, it will be seen that it is only necessary in a petition for writ of error to state the names of the parties adversely interested and to describe the judgment appealed from with sufficient certainty to identify it and to state that the petitioner desires to remove the same to the Court of Civil Appeals for re-

vision and correction. It seems evident that in both petitions and in both citations H. C. McCart is the party adversely interested, and we think a reading of the petitions of Loughry and Lipscomb is sufficient to identify the judgment of the district court which the parties desired to revise.

It may be further seen from a consideration of article 2260 that the requirements of a citation in error are not as prescribed by the statutes relating to the requisites of original citations to defendants in the trial court. Article 2260, so far as pertinent here, only requires the citation in error to "state the date of the filing of the petition in error, the names of the parties, and the description of the judgment as therein given."

In the matter of describing the judgment, therefore, no greater certainty is required than is required in the petition, and we think by reading the description of the judgment below in the citations of both Loughry and Lipscomb the defendant McCart, the party adversely interested in the appeal, is sufficiently informed as to the identity of the judgment appealed from. While the description of the judgment below as given in the citations may not be literal copies of the descriptions given in the petition, they are substantially the same and sufficient, we think, to give this court jurisdiction.

[2] As we view the case, the question is one of identity and not one of jurisdiction. As it seems to us a marked distinction should be made in passing upon an original citation to a defendant upon the institution of a suit and the citation which must follow the filing of a petition and bond for a writ of error. In the former case the party against whom the suit is instituted cannot be presumed to have notice of the institution of the suit or knowledge of the dereliction charged against him, and for the evident purpose that he be not taken unawares, the statute (article 2022, Rev. Statutes 1925) prescribes with particularity the necessary contents of the citation. Until a citation in strict compliance with the statutes has been duly issued and served upon the defendant, the trial court, as has long been held, wholly fails to acquire jurisdiction over him.

[3] It is not so, however, in the case of a writ of error proceeding. Writs of error are merely a form of presenting an appeal from a judgment of the trial court. It is sued out by filing in the trial court a petition and bond as required by articles 2257 and 2258, Rev. Statutes 1925. When this is done the "jurisdiction" of the Court of Civil Appeals is perfected in advance of the issuance or service of citation. See Rev. Statutes 1925, art. 2267; Leavitt v. Brazelton, 28 Tex. Civ. App. 3, 66 S. W. 465; Cruz v. State, 76 Tex. Cr. R. 32, 172 S. W. 235; Ramey v. Phillips (Tex. Civ. App.) 253 S. W. 323. We accordingly conclude that defendant in error's motion to dismiss his appeal for want of jurisdiction should be overruled.

[4] We are thus brought to a consideration of the error complained of by the several plaintiffs in error. As already stated, the money judgment with foreclosures of lien against Loughry was by default. The record discloses that the citation issued 'to and served on Loughry commanded his appearance upon the 14th day of December, 1926—

"then and there to answer the original answer and cross-action of H. C. McCart, one of the defendants herein, and by way of cross-action makes J. M. Loughry a party defendant, the said cross-action being filed in said court on the 9th day of November, 1925, in cause wherein N. H. Lipscomb is plaintiff and J. M. McNellis et al. are defendants."

The citation names no other party to the suit than as stated in the quotation we have made. So far as applicable in this case, the statute (article 2022, Rev. Statutes 1925), in giving the requisites of a citation requiring the attendance of defendant in a suit in the district court or the county court, specifically states that the citation "shall state the date of the filing of the petition, its file number and the names of all the parties and the nature of the plaintiff's demand."

[5] A defendant is not bound to answer a complaint against him when served with a citation which fails to state the names of all the parties to the suit, and a judgment by default, based upon such defective citation, is erroneous. See Moran Oil Co. v. Anderson (Tex. Civ. App.) 223 S. W. 1031. It is apparent, therefore, that the judgment in this case against Loughry is erroneous, for which error we conclude that the judgment below should be reversed, and the cause remanded as to all parties. See Ferguson v. Dickinson (Tex. Civ. App.) 138 S. W. 221.

Reversed and remanded.

On Motion for Rehearing.

[6] We have examined the case of Slaughter v. City of Dallas (Tex. Civ. App.) 103 S. W. 218, and each of the cases cited therein; also the other cases cited in the list of "additional authorities on motion for rehearing"; and think they are distinguishable. Generally speaking, they are cases in trespass to try title, to foreclose a judgment lien, or other character of suit in which no judgment was sought against the person creating the lien. Here, however, McCart distinctly sought a judgment against his debtor and expressly put in issue the existence and validity of the debt which constituted the basis of his alleged superior lien. In this issue we think Lipscomb was vitally interested and so related as to enable him to complain of the failure of McCart to obtain a valid judgment against a debtor not alleged to be insolvent, nor deceased, nor of unknown resi-

dence. Our statute provides that there shall be but one final judgment and the rule on appeal where the right of the parties are interdependent is that a reversal of the judgment as to one of the parties will require a reversal as to all. Ferguson v. Dickinson (Tex. Civ. App.) 138 S. W. 221; Fidelity Oil Co. v. Swinney (Tex. Civ. App.) 254 S. W. 137.

We conclude that the motion should be overruled.

BUCK, J., not sitting.