UNITED EMPLOYERS CASUALTY CO.
v. SKINNER et al.

No. 2291.

Court of Civil Appeals of Texas. Waco.

May 30, 1940.

Rehearing Denied June 27, 1940.

Will R. Saunders and Henry D. Akin, both of Dallas, for plaintiff in error.

W. W. Mason, of Mexia, and Lightfoot, Robertson, Gano & Johnston, of Fort Worth, for defendants in error.

ALEXANDER, Justice.

This cause was attempted to be removed to this court by writ of error. The defendants in error have filed motions to dismiss the appeal because the writ of error was not perfected in time. The case was tried in the lower court on July 10, 1939. The plaintiff in error participated in the trial. Petition and bond for writ of error were filed in December, 1939, but citation in error was not issued nor served until after January 1, 1940.

In May, 1939, the legislature enacted the following statute:

"Section 1. No party who participates either in person or by his attorney in the actual trial of the case in the trial court shall be entitled to review by the Court of Civil Appeals through means of writ of error.

"Sec. 2. All laws and parts of laws, insofar as they conflict with this Act, are repealed. Writ of error shall continue to be available under the rules and regulations of the law to a party who does not participate in the trial of the case in the trial court.

"Sec. 3. It is hereby provided that this Act shall take effect from and after January 1, 1940.

"Sec. 4. The need that delay of justice be not caused by parties who should reasonably use appeal instead of writ of error and the near approach of the end of the session creates an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days be suspended, and said Rule is suspended and this Act shall take effect from and after its passage, and it is so enacted." Acts 1939, Ch. 2, p. 59, Vernon's Annotated Civil Statutes, art. 1883a.

It will be noted that the Act contains an emergency clause. The vote was sufficient to suspend the constitutional rule so as to put it into effect at once. It was passed by the Senate on May 29, 1939, and by the House on May 31, 1939, and filed with the Secretary of State on June 1, 1939. It will also be noted that the Act specifically provides that it shall be effective from and after January 1, 1940.

Under the holding of our Supreme Court in Popham v. Patterson, 121 Tex. 615, 51 S.W.2d 680, the Act became a law immediately upon its passage, so as to give notice to all who thereafter participated in the trial in the lower court that on and after January 1, 1940, they would not be entitled to review of their cases on appeal through writ of error. We think the Act, when fairly interpreted, means that those who should participate in the trial of their cases in the lower court after the Act became a law, that is, June 1, 1939, would not be entitled to remove their cases to the court of appeals on or after January 1, 1940. While the Act says that such parties shall not be entitled "to review by the Court of Civil Appeals" after said date, we do not think it was intended that the appellate court could not render a judgment therein after that date, but rather that the proceedings could not be removed to the appellate court after the date referred to.

The question then is, did the plaintiff in error remove the case to the court of appeals prior to January 1, 1940, within the meaning of the Act? As said before, the petition and bond were filed in December, 1939, but the citation in error was not issued nor served until after January 1, 1940. It has long been the rule in construing Revised Statutes, art. 2255, which fixes a definite time in which to sue out a writ of error, that the writ is "sued out" within the meaning of the statute when the petition for the writ and bond are filed with the clerk of the court rendering the judgment, and if such filing takes place within the statutory period, it is sufficient, even though the service of citation in error is not obtained until afterward. 3 Tex. Jur. 280; Leavitt v. Brazelton, 28 Tex. Civ.App. 3, 66 S.W. 465; Vineyard v. McCombs, 100 Tex. 318, 99 S.W. 544; American Bankers Insurance Co. v. Flowers, Tex.Civ.App., 64 S.W.2d 806; McPhaul v. Byrd, Tex.Civ.App., 174 S.W. 644;

Hohenthal v. Turnure, 50 Tex. 1, 3; Crunk v. Crunk, 23 Tex. 604, 605; Western Union Telegraph Co. v. White, Tex.Civ.App., 143 S.W. 958; Cruz v. State, 76 Tex.Cr.R. 32, 172 S.W. 235; Rounds v. Coleman, Tex. Civ.App., 185 S.W. 640. However, Revised Statutes, art. 2267, covering the perfecting of a writ of error, reads as follows: "When the bond, or affidavit in lieu thereof, provided for in the two preceding articles, has been filed and the previous requirements of this chapter have been complied with, the appeal or writ of error, as the case may be, shall be held to be perfected."

Our Supreme Court, in Borger v. Morrow, 125 Tex. 321, 82 S.W.2d 944, held that the phrase "previous requirements," as used in this statute, included the issuance and service of citation in error, or the waiver thereof, and that until this had been done, the writ of error remained unperfected, and the appellate court did not acquire jurisdiction of the appeal. See also Campbell v. First Naional Bank in Lubbock, 125 Tex. 303, 82 S.W.2d 954; Adams v. Bida, 125 Tex. 458, 84 S.W.2d 693; 3 Tex.Jur. 355, 416. In the case of Hohenthal v. Turnure, 50 Tex. 1, 3, it is said that the filing of the petition and bond had the effect of conferring jurisdiction on the appellate court for certain purposes and that from and after the taking of such steps, the case is "pending" in the appellate court. See also Holloman v. Middleton, 23 Tex. 537; Crunk v. Crunk, 23 Tex. 604, 605; Cruz v. State, 76 Tex.Cr.R. 32, 172 S.W. 235. However, the court was there construing a different act from the one here under consideration. The recent decisions of our Supreme Court, as above cited, make it clear that a writ of error proceeding is not perfected and the appellate court does not acquire jurisdiction over the subject matter until waiver or service of citation in error. From what has been said, it is apparent that this case was not removed to this court, so as to confer jurisdiction herein, prior to the time the Act here under consideration took effect. Plaintiff in error took some, but not all, of the necessary steps prior to the effective date. It was imperative that the plaintiff in error take all of the necessary steps prior to the effective date of the Act; otherwise, it lost its right to review by writ of error.

The defendant in error's motion to dismiss the appeal is sustained and the appeal is dismissed.