## FEDERAL UNDERWRITERS EXCHANGE v. HADNOT.
### No. 3720.

Court of Civil Appeals of Texas. Beaumont.
Aug. 26, 1940.

James F. Parker, of Kountze, and Battaile & Burr, of Houston, for appellant.

J. Austin Barnes, of Beaumont, and Glenn Faver, of Jasper, for appellee.

COMBS, Justice.

This cause is reversed and remanded to the trial court upon agreement of the parties. This order is subject to payment of costs of this appeal which are taxed against the appellant.

## UNITED EMPLOYERS CASUALTY CO. v. McGEE et al.
### No. 2286.

Court of Civil Appeals of Texas. Waco.
Sept. 26, 1940.

Rehearing Denied Oct. 17, 1940.

Will R. Saunders and Claude Williams, both of Dallas, and Norton Fox, of Groesbeck, for plaintiff in error.

Reed & Cannon, of Groesbeck, and Johnson & Oliphant, of Dallas, for defendants in error.

ALEXANDER, Justice.

This cause was attempted to be removed to this court by writ of error. The defendants in error have filed motions to dismiss the appeal because the writ of error was not perfected in time. The case was tried in the lower court on August 18, 1939. The plaintiff in error participated in the trial. Petition and bond for writ of error were filed in December, 1939, but citation in error was not issued nor served until after January 1, 1940.

In the case of United Employers Casualty Company v. Skinner, 141 S.W.2d 955, we had before us a state of facts almost identical with those found in this case and we there held that the writ of error was not perfected prior to January 1, 1940, and that under the provisions of Acts 1939, 46 Leg., p. 59, Vernon's Annotated Civil Statutes, art. 2249a, the defendant who had participated in the actual trial of the case in the lower court could not have the judgment of the lower court reviewed through writ of error proceedings. The Supreme Court refused writ of error in that case. Based on the holding therein, we here hold that this court is without jurisdiction to review this case on writ of error.

The appeal is therefore dismissed.