**SOUTHERN UNDERWRITERS et al. v. FRANKS et al.**

No. 4019.

Court of Civil Appeals of Texas. El Paso.
Jan. 23, 1941.

Rehearing Denied April 10, 1941.

Will R. Saunders, of Dallas (Henry D. Akin, of Dallas, on rehearing, of counsel), for plaintiffs in error.

Blakley & Cooper, Haskell H. Cooper, and Hoyet A. Armstrong, all of Dallas, and Joe E.. Kelly, of Fort Stockton, for defendants in error.

PRICE, Chief Justice.

This is an appeal sought to be perfected by writ of error from a judgment of one of the district courts exercising jurisdiction in Pecos County. The transcript was filed here on the 16th day of February, 1940. Judgment was rendered on the 18th day of October, 1939, against the Southern Underwriters and United Employers' Casualty Company, jointly and severally, in favor of J. W. Franks. Motion for new trial was filed and same was overruled on the 19th day of October, 1939.

Plaintiffs in error will be herein designated as appellants, and defendants in error as appellees.

On the 27th day of December, 1939, the Southern Underwriters and United Employers' Casualty Company filed with the District Court of Pecos County petition for writ of error. On the 27th day of December, 1939, appellants filed writ of error cost bond. On the 28th day of December, 1939, citation in error issued for appellee Franks directed to the sheriff or any constable of Tarrant County. The sheriff's return thereon shows that same came to hand on the 4th day of January, 1940, and was served on the same day on J. W. Franks. On the 28th day of December, 1939, citation likewise issued on said petition directed to the sheriff or any constable of Dallas County, summoning Hoyet A. Armstrong and Haskell H. Cooper, attorneys of record for the appellee, Franks. The sheriff's return thereon shows same came to hand on the 2nd day of January, 1940, and was served on that day.

Appellees have filed motion to dismiss the appeal on account of lack of jurisdiction of this court to hear same. Appellants have likewise filed motion to dismiss the appeal, alleging that on account of settlement and compromise of the judgment the questions involved in the appeal are moot.

It may be that a discussion of these motions is not called for. Appellants and appellees each seek the same end, but on different grounds. If appellees' motion be sustained, it, of necessity, disposes of that of appellants. The basis of appellees' motion is that appeal was not perfected on writ of error prior to January 1, 1940.

In May, 1939, the Legislature passed the following statute (Acts 1939, p. 59, Vernon's Ann.Civ.St. art. 2249a):

"Section 1. No party who participates either in person or by his attorney in the actual trial of the case in the trial court shall be entitled to review by the Court of Civil Appeals through means of writ of error.

"Sec. 2. All laws and parts of laws, insofar as they conflict with this Act, are repealed. Writ of error shall continue to be available under the rules and regulations of the law to a party who does not participate in the trial of the case in the trial court.

"Sec. 3. It is hereby provided that this Act shall take effect from and after January 1, 1940."

In a proceeding on a motion in all respects similar to the motion of appellees here, this statute came before the Waco Court of Civil Appeals. That court, in substance, held that a writ of error proceeding is not perfected and the appellate court does not acquire jurisdiction over the subject matter until waiver or service of citation in error. United Employers' Casualty Company v. Skinner, 141 S.W.2d 955. The motion to dismiss the appeal was sustained by the Waco Court. A writ of error was denied in this case by the Supreme Court.

The facts in the above case were almost parallel with the facts here. In that case the petition was filed prior to January 1, 1940, but citation in error was neither issued nor served until after January 1, 1940. The only distinction between that case and the case we have here is that here citation was issued prior to January 1, 1940, but same was not served until after January 1, 1940. It would seem that in conferring jurisdiction both issuance and service are essential. The Act of the Legislature which we have before quoted gave notice to all who participated in the trial

in the lower court that after January 1, 1940, they would not be entitled to a review of their cases through writ of error. Popham v. Patterson, 121 Tex. 615, 51 S. W.2d 680.

In the case of United Employers' Casualty Company v. McGee, Tex.Civ.App., 143 S.W.2d 653, the Waco Court's holding, on identical facts, was the same as in United Employers' Casualty Co. v. Skinner, supra.

In this case the margin is close, but citation was not served prior to January 1, 1940. Service was essential prior to that date to confer jurisdiction on this court.

It is ordered that the motion of appellees to dismiss the appeal be in all things sustained.

It is further ordered that the motion of appellants be dismissed.