**BLANKENSHIP et al. v. STALLINGS.**

No. 5243.

Court of Civil Appeals of Texas. Amarillo.

May 27, 1940.

Rehearing Denied July 1, 1940.

E. L. Klett, of Lubbock, for plaintiffs in error.

Crenshaw, Dupree & Milam, of Lubbock, for defendant in error.

FOLLEY, Justice.

This suit was filed by the defendant in error, J. J. Stallings, and others, against the plaintiffs in error, G. T. Blankenship, Farmers Royalty Holding Company, Farmers Mutual Royal Syndicate, Inc., and others, to recover the title and possession of the minerals in and under certain lands in Hockley County, Texas. In a trial before the court without a jury the plaintiffs in error were represented by an attorney. On September 21, 1939, at the conclusion of the trial, judgment was rendered in favor of the defendant in error and against the plaintiffs in error.

No appeal from such judgment in the ordinary form was attempted, and it was not until March 13, 1940, that the plaintiffs in error filed in the district court of Hockley County their petition for writ of error and writ of error bond for the removal of such cause to this court. Citation in error was issued on March 13, 1940, executed on March 18, 1940, and filed on March 20, 1940.

The defendant in error has filed a motion to dismiss this cause because the writ of error was not perfected in time in view of the 1939 enactment of Senate Bill No. 69 by the Forty Sixth Legislature, which is as follows:

"Section 1. No party who participates either in person or by his attorney in the actual trial of the case in the trial court shall be entitled to review by the Court of

Civil Appeals through means of writ of error.

"Sec. 2. All laws and parts of laws, insofar as they conflict with this Act, are repealed. Writ of error shall continue to be available under the rules and regulations of the law to a party who does not participate in the trial of the case in the trial court.

"Sec. 3. It is hereby provided that this Act shall take effect from and after January 1, 1940.

"Sec. 4. The need that delay of justice be not caused by parties who should reasonably use appeal instead of writ of error and the near approach of the end of the session creates an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days be suspended, and said Rule is suspended and this Act shall take effect from and after its passage, and it is so enacted." Acts 1939, Ch. 2, p. 59, Vernon's Annotated Civil Statutes, art. 1883a.

■ The vote on the above Act in both Houses of the Legislature was sufficient to make the emergency clause effective. It was passed by the Senate on May 29, 1939, and by the House on May 31, 1939. It was filed with the Secretary of State on June 1, 1939, without the Governor's signature. Although the Act by its own provisions was made effective on January 1, 1940, the Act itself became a law immediately upon its passage. United Employers Casualty Company v. Skinner et al., Tex.Civ.App., 141 S.W.2d 955.

In construing the effect of this Act upon litigation before January 1, 1940, in the Skinner case, supra, the Waco Court of Civil Appeals, speaking through Justice Alexander, said: "Under the holding of our Supreme Court in Popham v. Patterson, 121 Tex. 615, 51 S.W.2d 680, the Act became a law immediately upon its passage, so as to give notice to all who thereafter participated in the trial in the lower court that on and after January 1, 1940, they would not be entitled to review of their cases on appeal through writ of error. We think the Act, when fairly interpreted means that those who should participate in the trial of their cases in the lower court after the Act became a law, that is June 1, 1939, would not be entitled to remove their cases to the court of appeals on or after January 1, 1940. While the Act says that such parties will not be entitled 'to review by the Court of Civil Appeals' after said date, we do not think it was intended that the appellate court could not render a judgment therein after that date, but rather that the proceedings could not be removed to the appellate court after the date referred to.''

■■ In the instant case the plaintiffs in error had the right of an appeal in the ordinary manner within the time allowed therefor, and, in addition thereto, under the holding of the Skinner case, supra, had more than three months in which to prosecute a writ of error under the law as it existed prior to January 1, 1940. It will be noted that after the date of the judgment there still remained 101 days of the year 1939 in which a writ of error might have been sued out. This the plaintiffs in error failed to do in the face of the fact that they were charged with knowledge of the expiration by law of such right on January 1, 1940. The Legislature in passing the Act allowed a period of seven months to intervene between its passage and its effective date. There must have been some good purpose for such period of grace. We think it is apparent that the intention of the Legislature in such action was to give ample notice to litigants of the change of procedure in this respect, and at the same time reserve to such litigants, in cases tried before the effective date of the Act, the right to pursue the remedy of the writ of error until January 1, 1940. It is our opinion, however, this period of grace also indicates that the Legislature did not intend that such remedy might be pursued after January 1, 1940, in cases tried prior to such date by litigants who participated therein either in person or by an attorney. We are fortified in this holding, we think, by the language contained in the emergency clause of the Act above set out.

■ The 1939 Act under consideration does not reduce the time allowed for the prosecution of the writ but completely abolishes the remedy in all cases wherein the aggrieved party participates in the trial in person or by his attorney. Therefore, the rule announced by the Supreme Court in Odum et al. v. Gardner, 86 Tex. 374, 25 S.W. 18, of computing ratios between the old and the new law is not applicable to the present situation. The rule therein announced in computing the time allowed for the writ was that the time which had

elapsed under the former law will be counted in the ratio it bears to the whole period and the time allowed under the new law will be computed on the basis of such ratio. That is, if under the old law two-thirds of the time had expired, one-third of the period prescribed by the new limitation would be further allowed. But the Act of 1939 does not prescribe a new period. It completely does away with the remedy where the litigant participates in the trial in person or by an attorney, and under such circumstances there is no ratio to compute.

It is, therefore, our opinion that the plaintiffs in error have not perfected a writ of error to this court and that the motion of the defendant in error to dismiss the appeal should be granted, and it is so ordered.