COPUS et al. v. CHORN et al.

No. 2054—2108.

Court of Civil Appeals of Texas. Eastland.

Nov. 15, 1940.

R. E. Rodgers, of Hamlin, for plaintiffs in error.

Smith & Smith, of Anson, and Malone, Lipscomb, White & Seay, of Dallas, for defendants in error.

FUNDERBURK, Justice.

This case was tried in the court below and judgment entered September 7, 1939. Plaintiffs in error, by their attorney of record, actually participated in said trial. Petition for writ of error and bond were

filed December 30, 1939. Citations in error were issued February 7, 1940, and served on February 20 and 21, 1940. Thus, it appears that writ of error was not perfected until after January 1, 1940.

We heretofore overruled a motion of defendants-in-error to dismiss the writ of error. A second such motion has been filed, based upon the same grounds and citing as authority the subsequently decided case of United Employers Cas. Co. v. Skinner, Tex. Civ.App., 141 S.W.2d 955. For brevity, this decision will be referred to as the Skinner case or Skinner decision.

The majority of the members of this court, after careful consideration, are unable to escape the firm conviction that the Skinner decision shows an incorrect interpretation of the law. The fact that the Supreme Court refused a writ of error poses for us a difficult and delicate question of our duty in the premises. Said decision, we think it clearly apparent, bears internal affirmative evidence showing a misapprehension of a material fact, which may have had controlling effect in the Court of Civil Appeals, and, at any rate, was naturally assumed by the Supreme Court, and if so, would fully account for its refusal of a writ of error. Under these circumstances, although it must be admitted that we cannot feel as certain of the propriety of our action as could be wished, we have reached the conclusion that the refusal of the writ of error should not, for the reasons which will appear, be regarded as having the same effect or authority as if the decision were one by the Supreme Court itself and free from the evidence that it was based upon a wrong assumption of fact.

■ In Parker v. Bailey, Tex.Com.App., 15 S.W.2d 1033, it was held that the fact that the Supreme Court refused a writ of error in a case holding contrary to a decision of the Supreme Court was not to be taken as overruling such decision. This conclusion was reached as the result of applying to court decisions the well known principle applicable to legislation, namely, that repeals by implication are not favored. This, it must be admitted, provides but an imperfect analogy, yet it would seem that when the Supreme Court refuses a writ of error in a case wherein the decision appears to be clearly contrary to principles which it is unreasonable to infer that the court intends to repudiate, and such action may well have resulted from a patent mistake of fact on the part of the court below which may have been of controlling effect, and, at best, may account for the action of the Supreme Court in denying the application for writ of error, the act of refusing a writ of error should not be given the same authoritative effect as if the Supreme Court, after its own hearing and consideration, had expressly decided the point.

The statute upon which the question at issue arises originated as Chapter 2, p. 59, Acts of the Regular Session of the 46th Legislature, Vernon's Ann.Civ.St. Art. 2249a. The Act does not purport to affect the jurisdiction of any court, or to change the time in which any of the several steps must be taken in order to prepare cases for review by appeal or writ of error. If, therefore, it had any such effects, they are implied and consequential only.

There can be no difference of opinion, it would seem, regarding the following aspects of the nature and effect of the statute: (1) It relates alone to parties to civil suits in trial courts. (2) It, in effect, classifies all such parties into two classes; those who actually participate in person, or by attorney, in the trial of a case, and those who do not. (3) Said statute changes the law only as to said first class and leaves it wholly unchanged as to the second class. (4) As to the class affected, it abolishes a pre-existing right. (5) The statute became effective either on the date of its passage (May 31, 1939 or June 1, 1939) or on January 1, 1940. (6) Whether it became effective at the date of its passage, or ninety days after adjournment, or on January 1, 1940, it then and then only had the effect to repeal "all laws and parts of laws, insofar as they conflict with this Act." (7) The only ambiguity, if any, in the statute arises because of the provision that "this Act shall take effect from and after January 1, 1940", and another provision being part of the emergency clause—that "this Act shall take effect from and after its passage." For convenient reference, we may treat the date of passage of the Act as June 1, 1939, the date it was filed in the office of the Secretary of State.

■ If the statute went into effect on June 1, 1939, that was directly contrary to the expressed intention of the Legislature that it should take effect "from and after January 1, 1940." If the intention thus expressed was rendered ambiguous by the further declarations of an emergency and that the Act should take effect "from and after its passage", then a long recognized

rule of construction would require that January 1, 1940, rather than the date of the passage of the Act, be held to be the date when the law went into effect in order to resolve the uncertainty created by such ambiguity in favor of the right of review in the appellate court. "It is the policy of the Legislature and of the courts to construe liberally all provisions of the statute so as to secure the right of appeal." Hamill v. Samuels, 104 Tex. 46, 133 S.W. 419, 421; Eppstein & Co. v. Holmes & Crain, 64 Tex. 560.

During the entire time intervening between June 1, 1939, and January 1, 1940, did a party who had participated in the trial of his case have the right to a review by writ of error? The answer to that question, it is believed, is conclusive of the question at issue. A party undoubtedly had such right, unless the law in effect before the passage of the statute in question was repealed by the statute, effective on June 1, 1939. If such be the meaning of the statute, then no effect whatever can be given to the provision thereof reading thus: "It is hereby provided that this Act shall take effect from and after January 1, 1940." It is implicit in the opinion in the Skinner case that the right of a party to a review of his case by writ of error continued, as previously, up to January 1, 1940, and that it then ceased only if, before that time, a writ of error was not perfected. If such right continued up to January 1, 1940, then the provision "all laws and parts of laws, insofar as they conflict with this Act are repealed" did not take effect until January 1, 1940, since before that time there was no law or part of law in conflict. Under said decision, a party to a case tried as late as December 31, 1939, could procure review by writ of error, provided he perfected writ of error before January 1, 1940. It is respectfully submitted that under that construction of the statute its only effect was to shorten, in cases tried less than six months before January 1, 1940, the time theretofore allowed in which to perform the several steps required in perfecting writs of error to courts of civil appeals. Take, for example, this case in which final judgment in the trial court was rendered on September 7, 1939. The right of plaintiff in error to review by writ of error continued until January 1, 1940. Under the law existing until January 1, 1940, a party who participated in the trial had six months, or until February 7, 1940, in which to file petition for writ of error and bond

and more time in which to perfect writ of error by procuring service or waiver of citation in error. The only effect of the statute as interpreted in the Skinner case was to shorten the time in which to take the several steps leading up to and including the perfection of the writ of error from six months or more to four months, ending December 31, 1939. As affects the question at issue, the statute so construed would, in effect, be precisely the same as if it read thus: "Sec. 1. From and after January 1, 1940 no party who participates either· in person or by his attorney in the actual trial of a case in the trial court shall be entitled to review by the court of civil appeals through means of writ of error. Sec. 2. The provisions of this Act shall apply to and include all cases tried prior to January 1, 1940, unless before January 1, 1940, writ of error therein has been perfected."

Such a statute, as applying to any case in which from the date of the trial to January 1, 1940, there was not reasonably sufficient time in which to perfect writ of error, would be void. This was recognized in Odum v. Garner, 86 Tex. 374, 25 S.W. 18, 19. The court in that case said: "The general rule as to statutes of limitation, where a different period is substituted, is that the new law applies, *provided that a reasonable time is given within which to prosecute the claim*." (Italics ours). "Our supreme court", it was further said, "has adopted the rule that upon the substitution of a new term of limitation the time which elapsed under the former law will be counted in the ratio that it bears to the whole period, and the time of the new law will be computed upon the basis of the ratio that the unexpired time under the old law bears to the whole time. That is, if, under the old law, two-thirds of the time had expired, then one-third of the new law would be allowed within which to sue. Gautier v. Franklin, 1 Tex. 732. The same rules should be applied in construing this statute [i.e., one shortening the period of time in which to sue out writ of error] as in construing statutes of limitation of actions." For subsequent applications of the same rule, see Union Assur. Soc. v. Equitable Trust Co., 122 Tex. 293, 58 S.W. 2d 58; Hunter v. Moore, 122 Tex. 583, 62 S.W.2d 97; Wright v. Hardie & Co., 88 Tex. 653, 32 S.W. 885; Phil H. Pierce Co. v. Watkins, 114 Tex. 153, 263 S.W. 905.

Did a party who participated in the actual trial of his case between June 1, 1939 and January 1, 1940, have a right to waive

appeal and have his case reviewed by writ of error? Manifestly he did, unless the statute in question took away such right. The Skinner decision is to the effect that he had such right. If the effect of the statute was to deny such right, it was solely because of the provision thereof reading thus: "All laws and parts of laws, insofar as they conflict with this Act, are repealed." Whether that provision had such effect is wholly dependent upon whether it became effective on June 1, 1939 or January 1, 1940. If it became effective June 1, 1939, then the opinion in the Skinner case is wrong in its implication, if not express holding, that if the writ of error had been perfected at any time prior to January 1, 1940, the right of review by writ of error would have been available. If the repeal did not become effective until January 1, 1940, still the opinion is wrong, since it does not purport to be based upon the theory that the writ of error was not perfected until after the expiration of a reasonable time from January 1, 1940. On the contrary, the decision is expressly based upon the fact that writ of error was not perfected before January 1, 1940. The effect of the statute as construed was to preserve the right of a party to review of his cases by writ of error up to and throughout the day of December 31, 1939, but as to cases in which judgment was rendered at the close of such period, no time whatever was given in which to perfect writ of error, thus nullifying the right.

▆▆▆ Let us suppose a case was tried and final judgment rendered on November 30, 1939, would the losing party in such case, if he actually participated in the trial, then have the right of election to appeal or to sue out writ of error? Thirty days having elapsed without perfecting an appeal, and his right of appeal having thereby been waived, would he, on December 31, 1939, continue to have the right to a review by writ of error? He certainly would, unless the law so permitting had already then been repealed by the Act in question. If such law had then been repealed, the repeal had been in effect since June 1, 1939, with the result, therefore, that such party had never had from the first any right of election between appeal and writ of error, but only had the right of appeal. The provision that "this Act shall take effect from and after January 1, 1940" was wholly inoperative. But, if the repeal was not effective "until Jan-

uary 1, 1940," such party, although he had waived his right of appeal, still, on December 31, 1939, had the right to a review of his case upon writ of error. The question then occurs, how long would he have in which to perfect the writ of error—meaning thereby to file his petition and bond and procure service of citation in error, or a waiver thereof. Under the Skinner decision, if applied to the supposed case, the right to review by writ of error still existed on December 31, 1939, but the statute in question required that the petition for writ of error and bond be filed and citations in error be issued and served all in the one day's time. It is submitted that such is an unreasonable construction of the statute, and even if it be the required construction then the statute would be void as not providing for a reasonable time in which, after it became effective, to permit of the perfection of the writ of error. To say the least, the statute is susceptible to a different and reasonable construction according to which it would be valid rather than void—a sufficient reason in itself for adopting such construction.

▆▆▆ If the provision of the statute, namely, "No party who participates either in person or by his attorney in the actual trial of a case in the trial court shall be entitled to review by the Court of Civil Appeals through means of writ of error" only became effective "from and after January 1, 1940," as undoubtedly held in the Skinner case, then it may well be asked: What laws or parts of laws were embraced within the repealing provision? There was no law or part of a law in conflict until the first named provision itself became effective. Therefore, of necessity the provision taking away the right of a party to review by writ of error and the provision for the repeal of laws in conflict became effective at the same time whether such time was June 1, 1939 or January 1, 1940. Undoubtedly, among the laws included within the repealing provision was Vernon's Ann. Civil Statutes, Art. 1839, reading (so far as material) as follows: "In * * * writ of error the * * * plaintiff in error shall file the transcript and statement of facts with the Clerk of the Court of Civil Appeals within sixty (60) days from * * * service of the writ of error," etc. The Skinner decision holds impliedly that if writ of error be perfected on December 31, 1939 then the record may subsequently be filed in the court of civil appeals. By authority

of what law? The only law authorizing that to be done and fixing the time therefor was the law quoted above and which was repealed as of January 1, 1940, unless the statute should be construed, as we think it must, to apply only to cases tried on and after January 1, 1940. Consistency will require that the interpretation of the statute as made in the Skinner case be amended so as to include within the condition that writ of error be perfected on or prior to December 31, 1939, that the record be filed in the court of civil appeals on or before that time.

■ Statutes speak prospectively, unless the contrary is clearly indicated. Freeman v. Terrell, 115 Tex. 530, 284 S.W. 946. A statute speaks as of the time at which it takes effect. Moorman v. Terrell, 109 Tex. 173, 202 S.W. 727; Fischer v. Simon, 95 Tex. 234, 66 S.W. 447. In Galveston, H. & S. A. Ry. Co. v. State, 81 Tex. 572, 598, 17 S.W. 67, 72, the court said: "We apprehend that no universal rule of construction can be adopted when a statute, which makes a distinction between future and past transactions is passed upon one day to take effect upon another; but we think the general rule is that a statute speaks from the time it becomes a law, and what has occurred between the date of its passage and the time it took effect is deemed, with respect to the statute, a past transaction." The statute now under consideration does not purport to deal with or make any distinction between future and past transactions. As to any change in the existing law the statute speaks only thus: "No party who participates either in person or by his attorney in the actual trial of the case in the trial court shall be entitled to review by the Court of Civil Appeals through means of writ of error." As of what time does the statute thus speak? Under the above authorities it so speaks as of January 1, 1940. It purports to speak prospectively. What is there in the statute clearly to indicate the contrary? There is nothing to indicate the contrary clearly or otherwise, unless it be the recitations in the emergency clause including the apparently inconsistent provision before mentioned, namely: "this Act shall take effect from and after its passage." If this is to be regarded as in any manner indicating that the law is not to speak from January 1, 1940, it is respectfully submitted that it does not constitute a *clear* indication of that intention, such as is required. The

purpose and function of an emergency clause is not to express the legislative intention in the provisions of the statute. Missouri-Kansas-Texas Ry. Co. v. Thomason, Tex.Civ.App., 280 S.W. 325. On the contrary, the purpose of section 3 of the Act itself was to express the intention that the statute speak "from and after January 1, 1940." If, therefore, the recitation in the emergency clause is irreconcilable with the expressed intention that the statute shall take effect from and after January 1, 1940, it should be disregarded.

■ What has thus far been said is upon the assumption that the vote upon the bill in the Legislature was sufficient to adopt the emergency clause. In the Skinner case [141 S.W.2d 956], it was said: "The vote was sufficient to suspend the constitutional rule so as to put it in effect at once." If this was error, then it may very well be considered that it affected the validity of the decision, and may alone account for the action of the Supreme Court in refusing application for writ of error. According to a certificate appended to the official publication of the Acts of the Legislature after said Act was vetoed it was passed by the Senate by a vote of 17 yeas and 8 nays. The Senate consists of thirty-one members. The Constitution (Art. 3, sec. 39, Vernon's Ann.St.,) provides that an emergency act can only be passed by a "vote of two-thirds of all the members elected to each House." Seventeen is not two-thirds of the thirty one members elected to the Senate, and, therefore, it seems to us that in the Skinner case it was a mistaken supposition that the emergency clause was adopted. This poses the further question: Can a mere recitation in an emergency clause not adopted be made first to create an ambiguity not otherwise existing and then to control an express provision in the body of the statute? It seems to us there can reasonably be but one answer to this question. Since it was not the purpose of the enacting clause to express the legislative intention attempted to be expressed by the terms of the Act, the failure of the Senate to pass the Act by a two-thirds majority of all its members had precisely the same effect as if there had been no emergency clause in the bill. Without an emergency clause it may be assumed the statute would have become effective on January 1, 1940, as plainly provided. Without such express provision as to the effective date, and without an emergency clause, the statute would, of course, have become effective

964

ninety days after adjournment of the Legislature. With such express provision that the statute be effective from January 1, 1940, and the emergency clause rendered ineffective by failure to adopt same, the Act went into effect on January 1, 1940, just as certainly as that the Legislature had the power to fix such date at more than ninety days after adjournment. Such power is here assumed without any intention to decide that question.

It being the conclusion of the majority that the motion should be overruled, it is so ordered.

GRISSOM, Justice (dissenting).

Believing that the majority opinion is in conflict with an opinion and rulings of our Supreme Court, and the opinions of at least two courts of civil appeals, and is not a correct interpretation of Art. 2249a, I cannot concur in that opinion, but most respectfully dissent. Popham v. Patterson, 121 Tex. 615, 51 S.W.2d 680; United Emp. Cas. Co. v. Skinner, Tex.Civ.App., 141 S. W.2d 955, writ refused; Blankenship v. Stallings, Tex.Civ.App., 141 S.W.2d 957, writ dismissed.

This judgment was rendered September 7, 1939. Service of citation in error was not had until after January 1, 1940; in fact, not until February 21, 1940. Under a fact situation which furnishes no ground for distinction between it and the present case (and none is attempted), the Waco Court of Civil Appeals, in United Employers Cas. Co. v. Skinner, 141 S.W.2d 955, writ refused, held that the appeal by writ of error must be dismissed. In said case, plaintiff in error participated in the trial of the case resulting in a judgment on July 10, 1939; it filed its petition and bond for writ of error in December, 1939, but failed to obtain the issuance and service of citation in error until after January 1, 1940. That court held that by virtue of Art. 2249a (Vernon's Texas Statutes, 1939 Cumulative Supplement) plaintiff in error had lost its right to have the judgment reviewed by the court of civil appeals by writ of error. In the present case, plaintiffs in error participated in the trial of the case, judgment was rendered September 7, 1939, petition for writ of error and bond were filed December 30, 1939, citations were issued February 17, 1940, and served on February 20 and 21, 1940.

The majority is of the opinion that the decision in United Emp. Cas. Co. v. Skin-

ner, supra, is wrong. The Supreme Court refused a writ of error. The question decided was that a litigant who participated in the trial of a case on July 10, 1939 (less than six months before January 1, 1940), and failed to perfect his appeal by writ of error before January 1, 1940, by virtue of Art. 2249a, had lost his right to have a court of civil appeals review the judgment; stated differently, that thereby the court of civil appeals lost jurisdiction to so review the case. The sole question was whether said statute required dismissal of the appeal. The majority opinion says that the recorded vote was insufficient to put the Act (Art. 2249a R.S.1939) into immediate effect upon its passage as stated in the Skinner opinion; that the Act, therefore, did not become a law until January 1, 1940, and that said mistake accounts for the refusal of a writ of error by the Supreme Court, because the Supreme Court naturally assumed the correctness of the statement by the Court of Civil Appeals that the vote was sufficient to put the Act into immediate effect.

If the vote were insufficient to put the Act into immediate effect, it became a law ninety days after adjournment of the Legislature, or about September 21, 1939. Either immediately, or ninety days after adjournment, this Act became a law and operated thereafter as legal notice to plaintiffs in error, and all others, that on January 1, 1940, their right to take their case to a court of civil appeals by writ of error would cease to exist. Popham v. Patterson, 121 Tex. 615, 624, 51 S.W.2d 680.

The result is the same whether the law became effective immediately, or ninety days after adjournment.

The case of Parker v. Bailey, Tex.Com. App., 15 S.W.2d 1033, has no application here, because there is no Supreme Court decision contrary to its action in refusing a writ of error in the Skinner case. If the principle announced in Odum v. Garner, 86 Tex. 374, 25 S.W. 18, were otherwise applicable to the present situation, it is not controlling, because it cannot be said that as applied to the facts of the instant case there was not reasonably sufficient time in which to perfect a writ of error. See Blankenship v. Stallings, Tex.Civ.App., 141 S.W.2d 957, writ dismissed.

I am of the opinion that under the authorities cited, which are approved by the Supreme Court, it is our duty to dismiss the appeal.