**NEWTON et ux. v. BARNES.**

No. 10857.

Court of Civil Appeals of Texas.
San Antonio.

Feb. 5, 1941.

Rehearing Denied April 16, 1941.

J. B. Lewright, of San Antonio, for plaintiffs in error.

Terrell, Davis, Hall & Clemens, of San Antonio, for defendant in error.

NORVELL, Justice.

This case is before us upon writ of error. The defendant in error asserts in his brief that this court is without jurisdiction, by reason of Chapter 2, p. 59, Acts of the Regular Session of the 46th Legislature, Article 2249a, Vernon's Annotated Civil Statutes.

The record discloses that Frank R. Newton and his wife, Carrie B. Newton, participated in the trial of this case in person and by attorney. Judgment was rendered in favor of defendant in error, A. F. Barnes, substitute trustee, on October 9, 1939. Petition for writ of error and bond were filed on December 26, 1939. Citations in error were apparently issued but never served. On January 11, 1940, Otha King Miles, who had filed a disclaimer in the trial court, executed a waiver of the issuance and service of citation in error. A similar waiver, bearing date of January 15, 1940, was executed on behalf of Barnes, substitute trustee, by his attorneys of record. These waivers were filed with the District Court on the 17th and 19th days of January, 1940, respectively.

Unfortunately, the legislative act involved is subject to at least three possible interpretations, viz.:

 (1) That from and after January 1, 1940, the Courts of Civil Appeals were without jurisdiction in all cases in which review was sought by writ of error by parties who participated in the trial below, either in person or by attorney. This construction was rejected by Chief Justice Price, writing for the El Paso Court of Civil Appeals, in Outlaw v. Gulf Oil Corporation, 137 S.W.2d 787, although it seems that plausible arguments may be marshalled in support of such interpretation based upon the literal wording of the act, and the absence of a "saving clause" therein, as generally, in ascertaining the legislative intent, the judiciary is bound by the wording of the statute. 39 Tex.Jur. 244, Sec. 130, i.e. "If Parliament does not mean what it says, it must say so."

(2) That from and after January 1, 1940, the Courts of Civil Appeals are without jurisdiction to review cases brought before it by writ of error in which the appealing parties participated in the trial, in person or by attorney, unless said writ of error was perfected prior to January 1, 1940. This construction is supported by United Employers Casualty Co. v. Skinner, 141 S.W.2d 955, by the Waco Court of Civil Appeals, and Blankenship v. Stallings, Tex.Civ.App., 141 S.W.2d 957, by the Amarillo Court, as well as by Judge Grissom's dissenting opinion in Copus v. Chorn Tex.Civ.App., Eastland Court, 145 S.W.2d 958, 964.

(3) That from and after January 1, 1940, the Courts of Civil Appeals are with-

out jurisdiction to review cases brought before it by writ of error in which the appealing parties participated in the trial in person or by attorney, and the trial in the court below took place after January 1, 1940. It follows that from this construction the Courts of Civil Appeals have jurisdiction upon writ of error in all such cases tried in the court below prior to January 1, 1940. This view is forcibly presented by Judge Funderburk, writing the majority opinion for the Eastland Court in Copus v. Chorn, 145 S.W.2d 958.

As the Supreme Court has not written upon the point involved, we feel bound by that honorable court's action in refusing a writ of error in United Employers Casualty Company v. Skinner, supra. We are also of the opinion that the conclusion reached in the Skinner case is fully supported by Popham v. Patterson, 121 Tex. 615, 51 S.W.2d 680, 683, in which the opinion was written by Commissioner Critz (now Associate Justice) and adopted as the opinion of the Supreme Court.

The erroneous statement in the Skinner case (pointed out in Copus v. Chorn, supra), to the effect that the vote in the Legislature was sufficient to put the act involved into effect upon passage, is regarded by us as immaterial. It in no way affects the conclusion reached by Judge Alexander, the writer of the opinion. It is obviously immaterial to any question involved here (or in the Skinner case) whether the act "became a law" on June 1, 1939, or on or about September 21, 1939, ninety days after the adjournment of the Legislature. This seems clear when it is considered that the Popham case was cited by Judge Alexander in the Skinner opinion, and in the case first named Judge Critz said:

"In construing statutes it is the duty of the court to ascertain the legislative intent, and, when such intent is once arrived at, it should be given effect; in fact, such intent is the law. In determining the legislative intent, the court should not look alone to any one phrase, clause, or sentence of the act, but to the entire act; and this includes the caption, the body of the act, and the emergency clause. *In this connection we hold that, even when the emergency clause cannot be given effect as such, still its provisions may be looked to if they aid the court in ascertaining the legislative intent.*

"When we apply the above rules to the 1930 act, supra, it becomes evident that the clause therein, *'This Act shall take effect January 1, 1931,' does not mean that the act did not become a law until January 1, 1931,* but merely means that it did not have effect to lengthen terms of office until such date." (Italics ours.)

The case now before us can not be distinguished from the Skinner case upon the facts. The point raised by defendant in error is one relating to the jurisdiction of this court over the subject matter involved. No legitimate distinction can be drawn between cases involving the service of citation in error after January 1, 1940, and those involving a waiver of such citation and service which is executed after said date. In the Skinner case [141 S.W.2d 956], the Court said: "The recent decisions of our Supreme Court, as above cited, make it clear that a writ of error proceeding is not perfected and the appellate court does not acquire *jurisdiction over the subject matter* until *waiver* or service of citation in error." (Italics ours.)

It is true that the question of our jurisdiction is raised by a proposition in the brief of defendant in error, and not by motion, however, the failure to file a motion to dismiss for want of jurisdiction can not operate to confer upon this court a jurisdiction over the subject matter where none exists under the terms of a statutory enactment.

For the reasons above stated, the writ of error is dismissed for want of jurisdiction.

### On Motion for Rehearing.

Since our original disposition of this case, the Supreme Court has answered questions certified to it by the Eastland Court of Civil Appeals in the case of Copus v. Chorn, mentioned in our original opinion.

The opinion of the Supreme Court is reported in 150 S.W.2d 70, and on authority thereof, the motion for rehearing filed by plaintiffs in error is overruled.